1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA NEIL HARRELL,                    No.  2:15-cv-0470-EFB P

12            Plaintiff,

13      v.                                   ORDER GRANTING IFP AND DISMISSING
                                             COMPLAINT WITH LEAVE TO AMEND
14   STATE OF CALIFORNIA, et al.,            PURSUANT TO 28 U.S.C. § 1915A

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915 and a request for appointment of counsel.

20   **I.    Request to Proceed In Forma Pauperis**

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   **II.   Request for Appointment of Counsel**

26        Plaintiff requests that the court appoint counsel.  District courts lack authority to require

27   counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*

28   *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

1

1   to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

2   F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

3   When determining whether "exceptional circumstances" exist, the court must consider the

4   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

5   se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970

6   (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional

7   circumstances in this case.

8   **III.      Screening Requirement and Standards**

9          Federal courts must engage in a preliminary screening of cases in which prisoners seek

10   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

11   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

12   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

13   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

14   relief."  *Id.* § 1915A(b).

15          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

16   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

17   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

18   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.

19   Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

21   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

22   U.S. 662, 679 (2009).

23          To avoid dismissal for failure to state a claim a complaint must contain more than "naked

24   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

25   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

26   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

27   678.

28   /////

2

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## IV.    Plaintiff's Allegations[1]

On March 14, 2013, plaintiff entered a no contest plea for second degree burglary, a non-violent crime. Pursuant to the plea agreement, plaintiff was released from jail with credit for time served. Solano County Superior Court Judge Wendy Getty ordered plaintiff to report to the parole office within two business days of his release. Plaintiff reported to the parole office as instructed. Even though plaintiff was not a sexual or violent offender, he was placed on "high control" parole. Plaintiff was out on parole for over seven months. During that time, he was arrested and re-incarcerated on four occasions for parole violations. In October of 2013, plaintiff's public defender found out that plaintiff should never have been placed on parole in light of the Criminal Justice Realignment Act. On October 23, 2013, Solano County Superior Court Judge Robert Bowers agreed that there was a court error and plaintiff was discharged from parole. Plaintiff wishes to hold "the defendants" liable for violations of his rights to due process and equal protection, false arrest, false imprisonment, and malicious prosecution. Plaintiff names approximately fifteen defendants.

## V.    Screening Order

The court has reviewed plaintiff's amended complaint (ECF No. 7) pursuant to § 1915A and finds that it must be dismissed for failure to state a claim. As discussed below, plaintiff has not adequately linked any defendant to his federal claims for relief or demonstrated that he was unconstitutionally detained. Plaintiff's state law claims must be dismissed because he has not

---

[1] The court will screen plaintiff's amended complaint (ECF No. 7), which supercedes any earlier filed complaints.

3

1   alleged compliance with the California Tort Claims Act.

2   To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1)

3   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

4   alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

5   487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the

6   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

7   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

8   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

9   (9th Cir. 1978).   That is, plaintiff may not sue any official on the theory that the official is liable

10   for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

11   (2009).   He must identify the particular person or persons who violated his rights.   He must also

12   plead facts showing how that particular person was involved in the alleged violation.   Here,

13   plaintiff names approximately fifteen defendants, but none of those defendants are adequately

14   linked to his claims.

15   "The Constitution permits states to deprive a person of liberty as long as the person first

16   receives due process.   The fundamental requirement of due process is the opportunity to be heard

17   at a meaningful time and in a meaningful manner." *Stein v. Ryan*, 662 F.3d 1114, 1119 (9th Cir.

18   2011) (internal quotations and citations omitted).   "[A]n individual has a liberty interest in being

19   free from incarceration absent a criminal conviction." *Lee v. City of Los Angeles*, 250 F.3d 668,

20   683 (9th Cir. 2001). "Thus, the loss of liberty caused by an individual's mistaken incarceration

21   after the lapse of a certain amount of time gives rise to a claim under the Due Process Clause of

22   the Fourteenth Amendment." *Id.*   Such a claim may arise when the defendants knew or should

23   have known the detainee was entitled to release and (1) the circumstances indicated to the

24   defendants that further investigation was warranted, or (2) the defendants denied the detainee

25   access to the courts for an extended period of time. *Id.*; *Rivera v. Cty. of Los Angeles*, 745 F.3d

26   384, 391 (9th Cir. 2014).   And "[s]ince imprisonment is punitive, officials who detain a person

27   may violate that person's rights under the Eighth Amendment if they act with deliberate

28   indifference to the prisoner's liberty interest." *Id.* at 1118.

4

Plaintiff does not plead any facts showing that any named defendant knew or should have known that he should not have been placed on parole (or probation). He also fails to plead facts showing circumstances that should have prompted any defendant to investigate the propriety of his status as a parolee, or that he was denied access to the courts to challenge the propriety himself. Even if he had made such allegations, plaintiff still fails to state a procedural due process claim because he appears to have received the process that was due. He alleges that he was present in court when the judge ordered him to report to parole following his release. Thus, although the judge may have erred, plaintiff appears to have had a meaningful opportunity to be heard before being placed on parole. When his public defender realized the court's error in October of 2013, plaintiff promptly appeared in court and was immediately discharged from parole.

In addition, plaintiff cannot state a proper state law tort claim because he has not alleged compliance with the California Torts Claims Act, also known as the Government Claims Act or GCA. The GCA requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff concedes that he did not file a timely claim in accordance with the GCA. ECF No. 7 at 11-12. Thus, any purported state law claims must be dismissed.

Plaintiff will be granted leave to file an amended complaint to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro

se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims.  The amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

The amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**VI.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff's request for appointment of counsel (ECF Nos. 6, 8) is denied without prejudice.

/////

3.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

4.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."  Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  January 27, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE