1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA NEIL HARRELL,                      No.  2:15-cv-0470-EFB P

12              Plaintiff,

13        v.                                   ORDER AND RECOMMENDATION OF
                                               DISMISSAL PURSUANT TO 28 U.S.C. §
14   STATE OF CALIFORNIA, et al.,              1915A FOR FAILURE TO STATE A CLAIM
                                               UPON WHICH RELIEF COULD BE
15              Defendants.                    GRANTED

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended

19   complaint which is now before the court for screening.

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief."  *Id.* § 1915A(b).

26        In the first amended complaint, plaintiff alleged that he was erroneously placed on parole,

27   falsely imprisoned for purported parole violations, and subsequently appointed a public defender

28   and discharged from parole due to this court error.  ECF No. 7.  In dismissing that complaint with

                                              1

1     leave to amend, the court informed plaintiff of the following:

2
          To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential
3     elements: (1) that a right secured by the Constitution or laws of the United States
      was violated, and (2) that the alleged violation was committed by a person acting
4     under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).   An
      individual defendant is not liable on a civil rights claim unless the facts establish
5     the defendant's personal involvement in the constitutional deprivation or a causal
      connection between the defendant's wrongful conduct and the alleged
6     constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.
      1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff
7     may not sue any official on the theory that the official is liable for the
      unconstitutional conduct of his or her subordinates*. Ashcroft v. Iqbal*, 556 U.S.
8     662, 679 (2009).  He must identify the particular person or persons who violated
      his rights.  He must also plead facts showing how that particular person was
9     involved in the alleged violation.  Here, plaintiff names approximately fifteen
      defendants, but none of those defendants are adequately linked to his claims.
10

11
          "The Constitution permits states to deprive a person of liberty as long as
12    the person first receives due process.   The fundamental requirement of due
      process is the opportunity to be heard at a meaningful time and in a meaningful
13    manner." *Stein v. Ryan*, 662 F.3d 1114, 1119 (9th Cir. 2011) (internal quotations
      and citations omitted).  "[A]n individual has a liberty interest in being free from
14    incarceration absent a criminal conviction." *Lee v. City of Los Angeles*, 250 F.3d
      668, 683 (9th Cir. 2001). "Thus, the loss of liberty caused by an individual's
15    mistaken incarceration after the lapse of a certain amount of time gives rise to a
      claim under the Due Process Clause of the Fourteenth Amendment." *Id.*  Such a
16    claim may arise when the defendants knew or should have known the detainee was
      entitled to release and (1) the circumstances indicated to the defendants that further
17    investigation was warranted, or (2) the defendants denied the detainee access to the
      courts for an extended period of time.  *Id.*; *Rivera v. Cty. of Los Angeles*, 745 F.3d
18    384, 391 (9th Cir. 2014).   And "[s]ince imprisonment is punitive, officials who
      detain a person may violate that person's rights under the Eighth Amendment if
19
      they act with deliberate indifference to the prisoner's liberty interest." *Id.* at 1118.
20

21
          Plaintiff does not plead any facts showing that any named defendant knew
22    or should have known that he should not have been placed on parole (or
      probation).  He also fails to plead facts showing circumstances that should have
23    prompted any defendant to investigate the propriety of his status as a parolee, or
      that he was denied access to the courts to challenge the propriety himself.  Even if
24    he had made such allegations, plaintiff still fails to state a procedural due process
      claim because he appears to have received the process that was due.  He alleges
25    that he was present in court when the judge ordered him to report to parole
      following his release. Thus, although the judge may have erred, plaintiff appears to
26    have had a meaningful opportunity to be heard before being placed on parole.
      When his public defender realized the court's error in October of 2013, plaintiff
27    promptly appeared in court and was immediately discharged from parole.

28
                                        2

1
2
3
4
5
6
7
8
9
10

In addition, plaintiff cannot state a proper state law tort claim because he has not alleged compliance with the California Torts Claims Act, also known as the Government Claims Act or GCA.  The GCA requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added).  Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action.  *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).  Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint.  *Id.*  The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff concedes that he did not file a timely claim in accordance with the GCA.  ECF No. 7 at 11-12.  Thus, any purported state law claims must be dismissed.

11
12
13
14
15

Plaintiff will be granted leave to file an amended complaint to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

16   ECF No. 12 at 4-6.

17   In the second amended complaint (ECF No. 18), plaintiff names Governor Brown as the

18   sole defendant because "[h]e is legally responsible for the flawed laws her[e] in the State of

19   California."  ECF No. 18 at 2.  He again alleges that he should not have been placed on parole

20   and was falsely imprisoned as a result.  He also complains generally of prison overcrowding and

21   inadequate medical and mental health care.  The amended complaint fails to cure the defects

22   identified in the court's initial screening order because it fails to plead facts sufficient to support a

23   due process claim based on the alleged court error and also fails to link the named defendant to

24   the alleged deprivations of his rights.  Moreover, prison overcrowding, by itself, is not a

25   constitutional violation.  *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994);

26   *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982).

27   Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is

28   unable to state a cognizable claim for relief.  Therefore, this action should be dismissed without

3

1    further leave to amend for failure to state a claim upon which relief could be granted. *See Lopez*

2    *v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are

3    only required to grant leave to amend if a complaint can possibly be saved. Courts are not

4    required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United*

5    *States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if

6    no request to amend the pleading was made, unless it determines that the pleading could not be

7    cured by the allegation of other facts.").

8        Accordingly, IT IS HEREBY ORDERED that the Clerk randomly assign a United States

9    District Judge to this action.

10        Further, IT IS HEREBY RECOMMENDED that the second amended complaint (ECF

11    No. 18) be dismissed for failure to state a claim upon which relief may be granted and that the

12    Clerk be directed to close the case.

13        These findings and recommendations are submitted to the United States District Judge

14    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15    after being served with these findings and recommendations, any party may file written

16    objections with the court and serve a copy on all parties.  Such a document should be captioned

17    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

18    objections shall be served and filed within fourteen days after service of the objections.  The

19    parties are advised that failure to file objections within the specified time may waive the right to

20    appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

21    *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22    DATED:  June 15, 2016.

23        EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28